AMERICAN PAPER EXPORTS, INC., demandante y apelada, *v.* STEBBINS & CO., INC., y EDWIN A. STEBBINS, demandados y apelante el último.

No. 6489.—*Sometido:* Diciembre 5, 1934. *Resuelto:* Febrero 15, 1935.

*R. Castro Fernández,* abogado del apelante; *Carlos J. Torres Laborde,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En una acción en cobro de dinero la American Paper Export, Inc., obtuvo una sentencia mancomunada y solidaria en rebeldía contra la corporación demandada y su gerente Edwin E. Stebbins, quien según se alegaba se había hecho responsable mancomunada y solidariamente de la obligación

originalmente contraída por la corporación demandada. Posteriormente el caso fué abierto de nuevo en lo que a Stebbins se refería y se le permitió contestar.

La contestación negaba específicamente que él fuera personalmente responsable de la deuda de la corporación demandada y contenía una defensa especial al efecto de que si en cualquier momento el demandado había prometido pagar o garantizar el pago de cualquier suma debida por la corporación demandada, no existía causa (*consideration*) para tal promesa. En el curso de su relación del caso y opinión, el juez de distrito dijo que la defensa especial equivalía a una admisión de que Stebbins había prometido pagar o garantizar la deuda de la corporación demandada. No citó autoridad en apoyo de esta manifestación y aunque la misma se señala como error por el apelante, el alegato de la apelada ni siquiera discute la cuestión. La defensa afirmativa es contraria a la idea de cualquier admisión; pero fuera de esto una admisión de la índole envuelta en la defensa afirmativa no relevaría a la demandante de la necesidad de probar que Stebbins prometió pagar la deuda de la corporación demandada.

El caso de la demandante, conforme se vió durante el juicio, y la subsiguiente sentencia contra Stebbins descansan principalmente en la interpretación errónea de una carta dirigida al Tesorero de la demandante, en la que Stebbins le decía:

"Ahora bien, en lo que a la cuenta se refiere, conforme ya he dicho, se hará cuanto sea humanamente posible para pagarla, y según dicen en su carta del 27, todas las comisiones deberán ser acreditadas a Stebbins & Co., Inc., sobre todo lo que se venda hasta el 31 de enero inclusive, y si ustedes convienen en concederle la agencia a Stebbins & Catinchi, Inc., éstos estarán conformes en que ustedes retengan las comisiones o aquella parte de las mismas que ustedes crean razonable por cuenta del infrascrito, y de este modo, lo mismo que de cualquier otro modo, yo garantizaré personalmente el pago

de esta cuenta. Yo no puedo garantizarla por cuenta de Stebbins & Catinchi, Inc., pues como se ha indicado en la carta que tenemos de ellos, nada tienen que ver con Stebbins & Co., Inc.''

Unos días más tarde la American Paper Export, Inc., en respuesta a un cablegrama de Stebbins & Catinchi, Inc., dijo que la carta de Stebbins era poco satisfactoria y le pidió a Stebbins & Catinchi, Inc., que no solicitaran pedidos para la American Paper Export, Inc. No obstante la negativa de permitir a Stebbins & Catinchi a que actuaran como agentes, la American Paper Export, Inc., inició este procedimiento basada en la supuesta promesa de Stebbins de pagar la deuda de Stebbins & Co., Inc. La teoría del letrado de la apelada es que cuando Stebbins escribió ''de este modo, lo mismo que de cualquier otro modo, yo garantizaré personalmente el pago de esta cuenta,'' él quiso decir que garantizaría tal pago aunque no se le diera la agencia a Stebbins & Catinchi, Inc. No hallamos base satisfactoria para tal interpretación. La cláusula ''de este modo, lo mismo que de cualquier otro modo'', modifica el verbo ''garantizaré.'' Al igual que el adverbio ''personalmente'', las palabras ''de este modo, lo mismo que de cualquier otro modo'', describen la forma en que el suscribiente ''garantizará . . . . el pago de esta cuenta.'' El tiempo es futuro, no presente. Omitiendo por el momento las palabras en que hace hincapié el letrado de la apelada, la oración lee: ''y si ustedes convienen en concederle la agencia a Stebbins & Catinchi, éstos estarán conformes en que ustedes retengan las comisiones o aquella parte de las mismas que ustedes crean razonable por cuenta del infrascrito y . . . . garantizaré el pago de esta cuenta.'' El significado de la palabra ''y'' no puede ser pasado por alto. Si la condición especificada era aceptada por la American Paper Export, Inc., surgirían dos resultados, no uno, a saber: (1) Stebbins & Catinchi, Inc., consentiría en que se le retuvieran ciertas comisiones por cuenta de Stebbins, y (2), Stebbins garantizaría personalmente el pago de la deuda de Stebbins & Co., Inc. La promesa personal de garantizar

el pago en forma distinta .a la retención de las comisiones devengadas por Stebbins & Catinchi, Inc., dependía tan inequívocamente de que se le concediera la agencia a Stebbins & Catinchi, Inc., como el consentimiento de Stebbins & Catinchi, Inc., a que se le retuvieran tales comisiones. Si la condición especificada era aceptada, Stebbins garantizaría la cuenta en dos formas: (1) Con la retención de las comisiones devengadas por Stebbins & Catinchi, Inc., por cuenta de Stebbins (que es la forma indicada por las palabras ''de este modo'') y (2) ''de otro modo'', es decir, en alguna otra forma o manera. El uso de las palabras ''que de cualquier'' o cualquier equivalente de las mismas en relación con las palabras ''otro modo'' o en relación con cualquiera de sus equivalentes, no altera el hecho saliente de que el garantizar Stebbins el pago de la vieja cuenta de la corporación tenía por condición que la American Paper Export, Inc., nombrara a Stebbins & Catinchi, Inc., sus agentes en Puerto Rico.

Si hubiera cualquier duda en cuanto a lo correcto de la anterior conclusión, el considerar la situación de las partes y las circunstancias que la rodearon bastarían para disipar tal duda. Después de una prolongada e inútil lucha como presidente y gerente de Stebbins & Co., Inc., para lograr que la corporación continuara en marcha y haciendo negocios, Catinchi se acercó a Stebbins y le ofreció ayuda pecuniaria en una nueva empresa. Juntos constituyen entonces otra corporación, Stebbins & Catinchi, Inc., y esta nueva corporación trataba de obtener algunas de las agencias desempeñadas anteriormente por Stebbins & Co., Inc. Ya habían tenido éxito en la consecución de un número de estas agencias y en varias ocasiones habían convenido con acreedores de Stebbins & Co., Inc., en que las comisiones, al ser devengadas por la nueva entidad debían aplicarse como pagos a la cuenta de· Stebbins & Co., Inc., y que las sumas así acreditadas a la cuenta de Stebbins & Co., Inc., por los acreedores fueran cargadas a Stebbins. Así, pues, Stebbins trataba, a costa propia, de pagar poco a poco las obligaciones de Steb-

bins & Co., Inc., de las ganancias de la nueva corporación. En el presente caso, la nueva corporación, con el fin de obtener la agencia en cuestión, había convenido en que las comisiones del nuevo negocio fuesen retenidas por la American Paper Export, Inc., por cuenta de Stebbins; y teniendo el mismo fin en mente, así como el deseo de pagar eventualmente la deuda de Stebbins & Co., Inc., Stebbins estaba dispuesto a garantizar el pago de la vieja deuda de la corporación. El mismo Stebbins declaró que nunca había tenido la intención de asumir personalmente la deuda de Stebbins & Co., Inc., a menos que se diera primeramente la agencia a Stebbins & Catinchi, Inc. El no estaba en la obligación legal de asumir tal responsabilidad y todas las circunstancias que concurren en este caso tienden a corroborar la aseveración que hizo mientras ocupaba la silla testifical.

Marx Levine, sucesor de Stebbins & Co., Inc., como agente local de la American Paper Export, Inc., declaró como testigo de la demandante y fué preguntado por el letrado de ésta por qué se hizo a Stebbins parte demandada en el litigio. Contestó que debido a que Stebbins, en cierta ocasión, había garantizado personalmente el pago de la cuenta. Entonces identificó la carta que Stebbins dirigió al tesorero de la American Paper Export, Inc., como aquella a que se había referido en su respuesta a la pregunta de por qué se había unido a Stebbins como parte demandada. El letrado de los demandados solicitó que se eliminara la respuesta en que se decía por qué se había hecho a Stebbins parte demandada, fundado en que la carta era la mejor evidencia. El juez de distrito dijo que quizá el testigo pudo haber tenido alguna conversación con Stebbins. Preguntado si la única garantía dada por Stebbins era la garantía que la carta contenía, el testigo manifestó que la carta contenía la única garantía escrita. El examen de repreguntas terminó con las siguientes preguntas y respuestas:

"P.—Aparte de la información que Ud adquirió en este asunto por la correspondencia, Ud. tiene alguna otra información con res-

pecto a la garantía que hizo el señor Stebbins a la demandante en este caso?

"R.—Únicamente que me aseguró a mí personalmente, varias veces, que él mismo garantizaría la cuenta.

"P.—¿Le dijo las condiciones bajo las cuales iba a garantizar la cuenta?

"R.—No, señor.

"P.—¿Ud. no recuerda que él le dijo que le iba a garantizar la cuenta si le daban la agencia a una nueva corporación que había formado que se llamaba Stebbins & Catinchi, Inc.?

"R.—No, señor.

Stebbins negó que aun hubiera dado una garantía verbal. Ante esta negativa, la aseveración vaga de que Stebbins en distintas ocasiones aseguró al representante local de la American Paper Export, Inc., que él "garantizaría la cuenta" sin especificar las condiciones en que lo haría así, y de que el testigo no recordaba si Stebbins había especificado como tal condición el que se le diera la agencia a Stebbins & Catinchi, Inc., no es suficiente para sostener la sentencia dictada en favor de la demandante.

Fué sin duda alguna por este motivo que el Juez de Distrito no llegó a conclusión específica sobre esta cuestión y prefirió basar su sentencia en la supuesta garantía escrita.

*La sentencia apelada debe ser revocada y declararse sin lugar la demanda, sin especial condena de costas.*

El Juez Asociado Sr. Wolf disintió.*